UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                      No. 00-4298

VERNON GRAY LESLIE, JR.,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, District Judge.
(CR-99-93)

Submitted: October 26, 2000

Decided: November 6, 2000

Before WIDENER, MICHAEL, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Janice McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Vernon Gray Leslie appeals the district court's imposition of a thirty-six-month sentence of imprisonment upon revocation of supervised release. Leslie conceded that he had violated the conditions of his supervision. On appeal, he contends that the district court erred in imposing a sentence above the three-to-six-month range applicable under Chapter 7 of the sentencing guidelines. He also contends that the court erred imposing the sentence without explicitly considering the factors in 18 U.S.C.A. § 3553(a) (West 2000). We affirm.

The sentencing range provided in Chapter 7 of the guidelines is advisory and is not binding on the court. *See United States v. Davis*, 53 F.3d 638, 642 (4th Cir. 1995). Having considered Chapter 7's policy statement and the nature of Leslie's violations of the terms of his supervision, the district court was within its discretion in rejecting the advisory range and imposing the statutorily authorized-sentence of thirty-six months. *See id.* at 640-43.

Leslie also contends that the sentence was improper because the court failed to consider the factors in § 3553(a). Although the court must consider certain factors in imposing sentence, such consideration need not be expressed on the record. *See Davis*, 53 F.3d at 642 & n.16; *United States v. West*, 898 F.2d 1493, 1503 (11th Cir. 1990). Here, it is clear from the record that the court considered several of the § 3553(a) factors, namely, the nature of the offense and the defendant's history, the need for the sentence to promote respect for the law, the available sentence, and the guideline range or policy statement. Having considered the factors, the district court appropriately imposed sentence.

Finding no error, we affirm Leslie's sentence. We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*